IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN JEFFREY MALONE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:24-cv-175 |
| | § | |
| 107th DISTRICT COURT, | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION FOR SUA SPONTE DISMISSAL

### I. Synopsis

John Jeffrey Malone was incarcerated in Cameron County, Texas, for approximately 575 days on a criminal case that was already dismissed. After the Texas Court of Criminal Appeals granted Malone's application for habeas corpus relief for the wrongful incarceration and vacated the judgment against him, Malone was extradited to Arkansas to face other criminal charges, where he remains incarcerated. Malone now petitions this Court for monetary relief against the 107th District Court of Cameron County, Texas for his Texas imprisonment. The 107th District Court and its judicial officer enjoy absolute judicial immunity from actions taken in its judicial capacity. This Court recommends Malone's claim be dismissed with prejudice as he cannot sue the 107th District Court for the judicial acts surrounding sentencing him to prison in Texas.

### II. Jurisdiction

This Court has federal question subject matter jurisdiction as Plaintiff John Jeffrey Malone ("Malone") alleges violations of 42 U.S.C. § 1983. *See* Dkt. No. 1; 28 U.S.C. §1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Pursuant to 28 U.S.C. §636(b)(1), this case was referred to the undersigned United States Magistrate Judge to conduct all pretrial proceedings. Dkt. No. 7.

Venue is proper in the Southern District of Texas, Brownsville Division because a substantial portion of alleged events giving rise to this lawsuit occurred in this geographical jurisdiction. *See* Dkt. No. 1. (alleging judicial misconduct when Cameron County District Judge sentenced Plaintiff to prison on previously dismissed charges.);    28 U.S.C. §1391(b)(2) (noting that a civil action may be brought in the judicial district where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

## III.    Standard of Review

Malone is currently incarcerated at Ouachita River Correction Unit operated by the Arkansas Department of Correction in Malvern, Arkansas. Dkt. No. 1.

In the Prison Litigation Reform Action ("PLRA"), Congress enacted 28 U.S.C.§ 1915A, which requires a court review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* U.S.C. §1915A(a).  Malone is considered a prisoner.[1]  28 U.S.C. §1915A(c).  Section 1915A allows for *sua sponte* (court initiated) dismissal of the complaint or any portion of the complaint if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

## IV.    Background and Procedural History

### a.    State Criminal Proceedings in Case No. 10-CR-001562[2]

The present case arrives at this Court based on proceedings in Cameron County, Texas, styled the *State of Texas v. John Jeffery Malone*, Case No. 10-CR-001562 from the 107th District Court.  On March 3, 2011, Malone pled "no contest" to felony theft charges.

---

[1] For purposes of 28 U.S.C. §1915A, "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

[2] As a matter of public record, the Court takes judicial notice of the docket in Malone's state court criminal proceedings. See *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998).  The docket sheet and related entries in Case No. 10-CR-001562 are attached to this Report and Recommendation as Exhibit 1. *See* Website for Cameron County District Clerk's Office, available at https://portal.co.cameron.tx.us/PortalProd/ (last visited on January 28, 2025).

Ex. 1, p. 6.  On March 28, 2011, Malone was sentenced to ten years deferred adjudication probation pursuant to a plea agreement.  Ex. 1, pp. 6-7.

On March 21, 2012, a Motion to Revoke Malone's Deferred Adjudication Probation was filed, and his arrest was ordered by the 107th District Court.  Ex. 1, p. 8.  On October 12, 2016, the State of Texas filed a Motion to Dismiss Malone's case because he was convicted in Arkansas to thirty years in prison.  Ex. 1, pp. 9-10. The next day, the 107th District Court notes "Order of Dismissal, signed for entry. **Capias recalled @ Warrants." Ex. 1, p. 10.  In November 2016, the record indicates the filing of a "Second Motion to Have Warrant Recalled" and a copy of the dismissal is mailed to Malone in custody.  Ex. 1, p. 10.

About three years later, on August 22, 2019, the State of Texas filed a Motion to Adjudicate and a warrant for Malone's arrest is issued.  Ex. 1, p. 10.  Thereafter, the 107th District Court appoints counsel to represent Malone. Ex. 1, pp. 10-11.  At the next hearing, Malone's counsel requests a continuance "to find some documentation that will assist his client," and the case is reset for October 30, 2019.  Ex. 1, p. 11.

On October 30, 2019, the 107th District Court notes that at the Motion to Adjudicate hearing of Malone's deferred adjudication probation "Defendant pled True. All allegations found to be True. Defendant adjudicated guilty of: Theft (Aggregation). Punishment assessed by the court at: Ten (10) Years – TDCJ/ID, credit for time served on this case. (Court will NOT give credit for time served in Arkansas)."  Ex. 1, p. 12.  A Motion for Reconsideration previously filed by Malone was denied the next day.  Ex. 1, p. 13.

On October 2, 2020, Malone filed an Application for Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure. Ex. 1, p. 13.  The Clerk of Court for Cameron County, Texas then filed the administrative record with the Texas Court of Criminal Appeals.  Ex. 1, p. 14.  On November 11, 2020, the Texas Court of Criminal Appeals directed the District Clerk for Cameron County to forward missing documents to them. Dkt. No. 1-1; *Ex parte Malone,* No. WR-91,899-01, 2020 WL 6588445 (Tex. Crim. App Nov 11, 2020) (not designated for publication). The Texas Court of Criminal Appeals also directed the 107th District Court to making findings of fact and

conclusions of law as to: (1) "whether the court dismissed the charges against Applicant [Malone] in 2016 and if so, how it proceeded to adjudicate guilt against Applicant in 2019" and (2) "whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance." *Id.*

On January 13, 2021, the 107th District Court issued its Findings of Fact, Conclusions of Law, and Order. Ex. 1, p. 15. The District Clerk also sent its second supplement to the record a few days later. *Id.*

On February 3, 2021, the Texas Court of Criminal Appeals issued its Opinion on Malone's application for habeas relief. *Ex parte Malone*, No. WR-91,899-01, 2021 WL 358637 (Tex. Crim. App. Feb. 3, 2021) (not designated for publication). Paragraph two of the opinion reads as follows:

> "Applicant contends that the trial court lacked jurisdiction to adjudicate his guilt because it had signed an order dismissing the charge on October 13, 2016 while he was on deferred adjudication supervision. He also alleged that counsel was ineffective for allowing him to plead no contest and accept a sentence on a case which had been dismissed years earlier. The record now reflects that Applicant is correct."
>
> *Id.*

Consistent with this Opinion, the Texas Court of Criminal Appeals vacated the judgment against Malone and remanded the case with instructions to dismiss the case. *Id.*

On February 24, 2021, the 107th District Court held a dismissal hearing pursuant to the appellate court's Opinion and Order. Ex. 1, p. 17. The dismissal order of Malone's Cameron County case was signed a day later.

In relation to Malone's Arkansas criminal proceedings, the record reflects that an Arkansas State Judge signed an Amended Sentencing Order on February 15, 2024, after the issuance Opinion of the Texas Court of Criminal Appeals but before 107th District Court dismissed his Cameron County case. Dkt. No. 1-1. Malone was sentenced to 30

years imprisonment in Arkansas and is currently serving that sentence in an Arkansas jail. *Id.*

### b.  Present Proceedings

On December 2, 2024, the Court received Plaintiff John Jeffrey Malone's initial complaint.  Dkt. No. 1.  In the complaint, Malone alleges a cause of action under 42 U.S.C. § 1983 against the 107th District Court from Cameron County, Brownsville, Texas.  *Id.* Malone is seeking damages after the 107th Court sentenced him to jail time on a case that was previously dismissed.  *Id.*

On December 5, 2024, the case was referred to the undersigned United States Magistrate Judge to conduct all pretrial proceedings.  Dkt. No. 7.

On December 6, 2024, this Court entered an initial order of case management, setting an April 8, 2025, deadline for the parties to submit the report of their Rule 26(f) conference.  Dkt. No. 9.

On December 23, 2024, the Court received Malone's first application to proceed without the prepayment of fees (in forma pauperis) pursuant to 28 U.S.C. §1915.  Dkt. No. 17.  However, as a prisoner litigant, Malone is statutorily required to include an inmate trust account alongside his application.  28 U.S.C. §1915(a)(2).

On December 26, 2024, the Court entered an order requiring Malone submit to the Court a certified copy of his trust fund statement or institutional equivalent prior to the Court's consideration of his application to proceed without the prepayment of fees.  Dkt. No. 18.

On January 13, 2025, the Court received an accounting of Malone's prisoner trust fund account for the preceding six months which shows an approximate five-dollar balance. Dkt. No. 24.  That same day, the Court also received a renewed motion to proceed without the prepayment fees and a motion to have the Court serve summons on the 107th District Court for the State of Texas.  Dkt. Nos. 23, 22.  Malone also renewed the claims in his initial complaint in a filing entitled, "Motion to Recover Relief from Damages."  Dkt. No. 21.

Malone's applications to proceed without the prepayment of fees remain pending before the Court. Dkt. Nos. 17, 23. Also outstanding are Malone's motions to "recover relief from damages" and "for Court to Serve Summons." Dkt. Nos. 21, 22. The Court declines to rule on these motions at this time due to the following recommendation that this cause be dismissed.

## V.    Applicable Law

Given that Malone is unrepresented by legal counsel in this case, the Court accepts as true the well-plead facts within the complaint and draws every reasonable inference in his favor. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). To resolve Malone's present claims, the Court relies on "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *see also* Fed. R. Evid. 201(f) advisory committee's note ("Judicial notice may be taken at any stage of the proceeding."). This Court's analysis takes judicial notice of and relies heavily on the record of Malone's state court proceedings in Cameron County Case No. 10-CR-001562, attached as Exhibit 1, which is the basis of the underlying claims alleged by the complaint.[3]

### a.    Judicial Immunity from Official Action in §1983 Claims

"Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity." *Warnock v. Pecos Cnty., Tex.,* 88 F.3d 341, 343 (5th Cir. 1996); *Holloway v. Walker*, 765 F.2d 517, 519 (5th Cir. 1985), cert. denied, 474 U.S. 517 (1985). Federal law generally mirrors this same sentiment. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (finding that when the actions of a judicial officer are judicial in nature, judges enjoy absolute immunity from suit).

"Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Adams v. McIllhany*, 764 F.2d 294, 297 (5th Cir.

---

[3] The Court takes judicial notice of documents filed in other cases to establish the fact of such litigation and filings. *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 830 (5th Cir. 1998); Fed. R. Evid. 201(b).

1985) (citing *Stump*, 435 U.S. at 349).  The "immunity applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray,* 87 S. Ct. 1213, 1218 (1967); *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).  Judicial immunity extends beyond an assessment of damages and provides immunity from suit itself.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The Fifth Circuit establishes four factors which characterize the 'judicial' nature of actions taken by judicial officers: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *See McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972); *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005);  *Davis v. Tarrant County, Tex.*, 565 F.3d 214, 222 (5th 2009).  "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e. whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 350.

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  "[O]fficials acting in a judicial capacity are entitled to absolute immunity against §1983 actions, and this immunity acts as a complete shield to claims for money damages." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1990).  "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 359.

### b.  Immunity Exception for Acts Done in the Clear Absence of Jurisdiction

"Against a backdrop of broad applicability, there are only two exceptions to judicial immunity: (1) lawsuits challenging actions taken outside the judge's judicial capacity; and (2) lawsuits challenging actions taken in the 'complete absence of all jurisdiction.'" *Kemp ex rel. Kemp v. Perkins*, 324 F. App'x 409 (5th Cir. 2009) (citations omitted).  In analyzing a judge's jurisdiction, the issue "is where at the time [the judicial officer] took the

challenged action he had jurisdiction over the subject matter before him." *Stump*, 435 U.S. at 356-57. The Fifth Circuit has likewise upheld this principle finding "[w]here a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Adams v. McIlhany*, 764 F.2d 294, 298 (5th Cir. 1985) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 352, L.Ed. 646 (1871)).

## VI.    Analysis

In his complaint, Malone seeks relief from the107th District Court and the actions of its judicial officer at that time. Dkt. No. 1. Specifically, Malone requests monetary compensation of $1,500.00 per day for each of the approximately 575 days he was held in the Cameron County jail, totaling approximately $862,500.00. Dkt. No. 1, p. 2. Malone also seeks $250,000.00 of monetary compensation for "pain and suffering and mental anguish." *Id.* Finally, Malone seeks $250,000.00 for "punitive damages and emotional distress." *Id.* Malone directs his claims against the 107th District Court of Cameron County, Texas. Dkt. No. 1. Given that Malone does not have legal representation in this case, the Court liberally construes his petition as making a complaint against the 107th District Court Judge who presided over his criminal case. Malone asserts the judicial officer violated his rights by holding him for a hearing on a dismissed case, appointing counsel who allowed Malone to plead true to a violation of his deferred adjudication probation on a previously dismissed case, and sentencing Malone to ten years imprisonment on a case that had already been dismissed. *Id.* at 1-2.

Malone stresses that his claims are complicated by the interplay of his conditional release from criminal charges in Arkansas and his imprisonment in Texas. *Id.* at 3. Malone highlights that, because of his Texas imprisonment, he was unable to continue paying the restitution ordered by Arkansas courts, resulting in his violations of his Arkansas conditions of release. *Id.* Ultimately, Malone contends, this led to his rearrest by Arkansas authorities upon his release from the Cameron County jail. *Id.*

To the extent that Malone seeks monetary damages, his claim for relief must be denied, because judicial officers such as the 107th District Court Judge are immune from suit involving a claim for monetary damages or equitable remedies. *Heck v. Humphrey*,

512 U.S. 477 (1994); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Additionally, judicial immunity is an immunity from suit. See *Mireles,* 502 U.S. at 11. The only exceptions to the broad doctrine of judicial immunity are "non-judicial actions, i.e., actions not taken in the judge's judicial capacity," or "actions, though judicial in nature, taken in the complete absences of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

The Texas Constitution in Article 5, Section 8 authorizes original jurisdiction of all actions to district courts. This vests original jurisdiction over Malone's criminal prosecution in Case No. 10-CR-001562 in the 107th District Court for Cameron County, Texas, and its judicial officer. *See* TEX. GOV'T CODE § 24.209. Therefore, the District Judge of the 107th District Court enjoys Eleventh Amendment immunity from Malone's claims.

Malone's claims involve actions taken by the district judge presiding over his criminal proceedings. The Court, in analyzing Malone's claims, considers the test to determine whether an act is judicial, thus warranting immunity, outlined by the 5th Circuit. *See McAlester v. McAlester v. Brown*, 469 F.2d 1280 (5th Cir. 1972). The Court finds the four factors weigh in favor of granting judicial immunity to the 107th District Court Judge.

- First, there can be no doubt that the action of issuing warrants, appointing counsel, taking of Malone's plea, and sentencing him to prison were normal judicial functions of the 107th District Court Judge who was within his jurisdiction to act.

- Second, each of Malone's complained acts occurred in the 107th District Court courtroom or judge's chambers.

- Third, these actions were taken within the context of a case pending before the 107th District Court in Case No. 10-CR-001562.

- Fourth, all of Malone's complained of acts arose as a direct result of contact with the 107th District Court Judge in his official capacity.

Even though the 107th District Judge was presiding over a case against Malone that was dismissed, this Court's relevant inquiry is a review of the nature and function of the acts of the judge and if those acts were judicial in nature. *Stump*, 435 U.S. at 362; *Forrester*

*v. White*, 484 U.S. 219, 227-229 (1991). It is not an inquiry into the act itself. *Stump*, 435 U.S. at 363.

This Court looks at the actions of the 107th District Court Judge in Malone's case in relation to the general functions normally performed by a judge. The acts of the 107th District Court Judge, including issuing a warrant for Malone's arrest, appointing him counsel, taking his plea, and sentencing him to prison are those of which the judge had original jurisdiction. These are clearly judicial acts and meet 5th Circuit's test for qualification as such. Additionally, the 107th District Court Judge's acts cannot be said to have been taken in the absence of jurisdiction as the 107th District Court retained original jurisdiction. Neither is any complained of act by Malone non-judicial in nature. The facts support that the state court retained subject matter jurisdiction over Malone's case. There is nothing to suggest the actions taken by the 107th District Court Judge were non-judicial or done in the complete absence of all jurisdiction. Therefore, this Court recommends dismissal of all Malone's claims against the 107th District Court.

## VII.    Recommendation

Given the foregoing, it is recommended that the United State District Court DISMISS Malone's claims for relief with prejudice, because they are barred by absolute judicial immunity.

## VIII.    Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). This Report and Recommendation shall serve as notice of the Plaintiff's procedural defaults, and the objection period shall serve as opportunity to respond to these defects. *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a *de novo* review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a *de novo* review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on February 4, 2025.

Karen Betancourt
United States Magistrate Judge

# Exhibit 1

## Case Information

10-CR-00001562 | The State of Texas vs. JOHN JEFFERY MALONE

| Case Number | Court | Judicial Officer |
|---|---|---|
| 10-CR-00001562 | 107th District Court | Euresti, Benjamin, Jr. |
| File Date | Case Type | Case Status |
| 07/28/2010 | Adult Felony | Dismissed |

## Party

State
State of Texas

Defendant
MALONE, JOHN JEFFERY

DOB
XX/XX/XXXX

Gender
Male

Active Attorneys ▾
Attorney
Delgadillo, Abel
Court Appointed

Lead Attorney
Peterson, Tony B.
Retained

## Charge

Charges
MALONE, JOHN JEFFERY

| | Description | Statute | Level | Date |
|---|---|---|---|---|
| 1 | THEFT (AGGREGATION) | 31.03(E)(4)(A) | State Jail Felony | 12/18/2009 |

## Disposition Events

03/28/2011 Plea ▾

Judicial Officer
Euresti, Benjamin, Jr.

| 1 | THEFT (AGGREGATION) | Nolo Contendere |
|---|---|---|

02/25/2021 Amended Disposition ▾

Judicial Officer
Euresti, Benjamin, Jr.

Amend Reason
Other

| 1 | THEFT (AGGREGATION) | Sentence Modified |
|---|---|---|

04/06/2011 Disposition ▾

Judicial Officer
Euresti, Benjamin, Jr.

| 1 | THEFT (AGGREGATION) | Deferred |
|---|---|---|

03/28/2011 Sentence - Probation/Community Supervision (OCA) ▾

| 1 | THEFT (AGGREGATION) | Sentence - Probation/Community Supervision (OCA) |
|---|---|---|

TX CSCD and Community Service

CSCD **10 Years**

Comment: Order of Deferred Adjudication; Placement on Community Supervision

## Events and Hearings

07/28/2010 OCA-Case Filed ▾

Comment
Case Filing

07/28/2010 Indictment (OCA) ▼

Comment
DA #I201007300

07/28/2010 ACS Image Conversion

07/28/2010 Pre-Sentence Investigation Report

08/05/2010 Arraignment Setting ▼

Comment
ARR SET; NTC MAILED TO DEF WHO IS U/A.BE/D - Setting Date/Time: Aug 18 2010 1:00PM

08/16/2010 Sheriff Service ▼

Comment
0001 CAPIAS $ 50.00

08/16/2010 Sheriff Service ▼

Comment
0001 WRITS $ 35.00

08/18/2010 Bond Forfeiture ▼

Comment
OSCAR GUZMAN FOR STATE; DEF FTA; CAPIAS

08/18/2010 CONT ▼

Comment
ORDERED ISSUED - NO BOND. BOND FORF/JUDG

08/18/2010 CONT ▼

Comment
NISI-GRANTED.BEJR/DSE

08/18/2010 Arraignment Setting ▼

Comment
ARR SET; NTC MAILED TO DEF WHO IS U/A.BE/D

08/26/2010 Sheriff Service ▼

Comment
0001 CAPIAS $ 50.00

10/01/2010 CONT ▼

Comment
DEFENDANT'S MOTION FOR BOND REDUCTION

10/01/2010 CONT ▼

Comment
FILED.DH

10/01/2010 Arraignment Setting ▼

Comment
DEF IN CUSTODY; MR. CYGANIEIWICZ HAS BEEN - Setting Date/Time: Oct 6 2010 1:00PM

10/01/2010 CONT ▼

Comment
RETAINED; ARR SET. MR. CYGANIEWICZ WAS

10/01/2010 CONT ▼

Comment
ADVISED VIA-PHONE. HIS CLIENT HEW-BROOKS.

10/05/2010 CONT ▼

Comment
DEFENDANT'S MOTION TO RECALL CAPIAS AND

10/05/2010 CONT ▼

Comment
REINSTATE BOND FILED./FC

10/05/2010 CONT ▼

Comment
NOTICE OF APPEERENCE FILED./FC

10/06/2010 CONT ▼

Comment
DEF; DEF ARR & P/NG. RESET FOR ANN....

10/06/2010 CONT ▼

Comment
ASST. D.A. MS. ROLLINS & MR. CYGANIEWICZ

10/06/2010 CONT ▼

Comment
ARE IN AGREEMENT OF BOND.PURSUANT TO THE

10/06/2010 CONT ▼

Comment
AGREEMENT; THE COURT REDUCE BOND TO:

10/06/2010 CONT ▼

Comment
15,000.00 C/S.BEJR/DSE

10/06/2010 Arraignment Setting ▼

Comment
DEF IN CUSTODY; MR. CYGANIEIWICZ HAS BEEN

10/20/2010 CONT ▼

Comment
MOTION IN LIMINE FILED.YE

10/20/2010 CONT ▼

Comment
MOTION FOR DISCOVERY AND INSPECTION OF

10/20/2010 CONT ▼

Comment
EVIDENCE FILED.YE

10/21/2010 BOND REDUCTION DIST CRT LEVEL ▼

Comment
$15,000 - LOPEZ BAIL BOND POSTED ON

10/21/2010 CONT ▼

Comment
10/7/10 WAS REC'D.BEJR/DSE

03/03/2011 PLEA - NO LO CONTENDERE ▼

Comment

MARIO CISNEROS FOR STATE; ED CYGANIEWICZ W - Setting Date/Time: Mar 28 2011 8:30AM

03/03/2011 CONT ▾

Comment

DEF. DEF PLED "NO CONTEST"; SENTENCING

03/03/2011 CONT ▾

Comment

SET.BEJR/DSE

03/03/2011 Written Waiver and Consent to Stipulation of Testimony ▾

Comment

Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of Guilty

03/23/2011 CONT ▾

Comment

PSI REPORT FILED//CO

03/28/2011 Disposition ▾

Comment

OSCAR GUZMAN FOR STATE; ED CYGANIEWICZ W/

03/28/2011 CONT ▾

Comment

DEF. COURT DEFERRED ADJ. AND (PURSUANT

03/28/2011 CONT ▾

Comment

TO THE AGREEMENT)PLACED DEF. ON PROB.FOR

03/28/2011 CONT ▾

Comment

TEN (10) YEARS; PAY C/C W/IN 90 DAYS;NO

03/28/2011 CONT ▾

Comment

FINE; RESTITUTION OF $35,066.66 W/IN 84

03/28/2011 CONT ▾

Comment

MONTHS.; ALL OTHER FEES W/IN 6 MONTHS.

03/28/2011 CONT ▾

Comment

CASE TO BE TRANSFERRED TO: ARKANSAS.BEJR

03/28/2011 CONT ▾

Comment

TRIAL COURT'S CERTIFICATION OF DEF'S RIGHT

03/28/2011 CONT ▾

Comment

OF APPEAL, SIGNED FOR ENTRY.BEJR/DSE

03/28/2011 PLEA - NO LO CONTENDERE ▾

Comment

MARIO CISNEROS FOR STATE; ED CYGANIEWICZ W

04/06/2011 CONT ▾

Comment

ORDER OF DEFERRED ADJUDICATION; PLACEMENT

04/06/2011 CONT ▾

Comment

ON COMMUNITY SUPERVISION SIGNED./BEUREST

04/06/2011 CONT ▾

Comment

-I/CG

04/06/2011 CONT ▾

Comment

10 YEARS DEFERRED

04/19/2011 CONT ▾

Comment

DISPOSED BY C.GARZA

06/24/2011 CONT ▾

Comment
WAIVER OF PROBATION FESS FOR INTERSTATE

06/24/2011 CONT ▾

Comment
TRANSFERS FILED./FC

06/28/2011 CONT ▾

Comment
ORDER - GRANTING "WAIVER OF PROB. FEES FOR

06/28/2011 CONT ▾

Comment
INTERSTATE TRANSFERS, SIGNED FOR ENTRY.

06/28/2011 CONT ▾

Comment
ORDER GRANTING WAIVER OF PROBATION FEES

06/28/2011 CONT ▾

Comment
FOR INTERSTATE TRANSFERS SIGNED./

06/28/2011 CONT ▾

Comment
BEURESTI/CG

03/21/2012 Motion to Revoke Probation or Deferred Adjudication (OCA) ▾

Comment
Motion to Revoke Probation/Community Supervision or Deferred Adjudication (OCA)

03/22/2012 Journal Entry ▾

Comment
Order of Arrest on MTA signed for entry. Bond set at $50,000 c/s.

03/22/2012 Order Setting Hearing ▾

Judicial Officer                    Comment
Euresti, Benjamin, Jr.              Order Setting Hearing

03/26/2012 Active Criminal (OCA) ▾

Comment
Active (OCA)

10/31/2013 Scofflaw Removed

06/24/2014 Correspondence ▼

Comment
Correspondence

02/23/2015 Motion ▼

Comment
Motion to have Warrant Recalled

02/26/2015 Order ▼

Comment
Order Denying- Motion to have Warrant Recalled

03/23/2015 Motion ▼

Comment
Motion To Run Sentences Concurrent

03/23/2015 Journal Entry ▼

Comment
Correspondence filed by Def: John J. Malone who is in Federal Custody in Arkansas, he is requesting a court-
appointed attorney to run this case concurrent with the case he is currently serving; as per Judge appoint: Hon.
Stuart Diamond, defendant has submitted a "Sworn Waiver" of rights filed on 3/23/15; Mr. Diamond to contact
Warden in Arkansas, and he will advise the Court when to set up -Absentia hearing on this MTA.

03/26/2015 Appointment of Attorney ▼

Judicial Officer            Comment
Euresti, Benjamin, Jr.      Appointment of Attorney - MTA (IN ABSENTIA)

04/21/2016 Journal Entry ▼

Comment
Court having been apprised by Deputy District Clerk at Vault that the Capias on this pending MTA issued on
3/26/12 was recalled by mistake by their office on 3/6/15; therefore the Court will order the Clerk to re-issue
Capias on MTA with a $50,000 c/s bond set as previously ordered.

10/12/2016 State's Motion to Dismiss ▼

Comment
State's Motion to Dismiss (the defendant was convicted in another case, serving 30 years in Arkansas).

10/13/2016 Journal Entry ▼

Comment

State has filed Motion to Dismiss (defendant was convicted in another case and serving Thirty (30) Years in Arkansas). Order of Dismissal, signed for entry. **Capias recalled @ Warrants/

10/13/2016 Punishment/Sentencing/Dismissal ▼

Comment

Order of Dismissal, signed for entry.,**Capias recalled @ Warrants.

10/13/2016 Active Criminal (OCA) ▼

Comment

Active (OCA)

10/13/2016 Order ▼

Judicial Officer                 Comment

Euresti, Benjamin, Jr.           Order of Dismissal

11/04/2016 Motion ▼

Comment

Second Motion to Have Warrant Recalled

11/07/2016 Journal Entry ▼

Comment

Copy of Dismissal mailed to defendant in custody

08/22/2019 Motion to Revoke Probation or Deferred Adjudication (OCA) ▼

Comment

Motion to Adjudicate

08/23/2019 E-Filed Order ▼

Comment

Order Setting Hearing and/or Ordering Arrest

09/24/2019 Active Criminal (OCA) ▼

Comment

Active (OCA)

09/27/2019 Appointment of Attorney ▼

Appointment of Attorney

Judicial Officer                Comment
Euresti, Benjamin, Jr.          Appointment of Attorney - MTA

---

09/30/2019 Progress Report ▾

Comment
Progress Report

---

10/02/2019 Motion to Adjudicate ▾

Judicial Officer
Euresti, Benjamin, Jr.

Hearing Time
8:30 AM

Result
Reset

Comment
DEF. IN CUSTODY - UNDER S.O.# 244007

---

10/02/2019 Journal Entry ▾

Comment
Case called for hearing on MTA; Rehaman Merchant for State; Abel Delgadillo appeared by court-appointment with defendant, Mr. Delgadillo requested a reset; as he needs to speak to Mr. Saenz. MTA reset for October 16, 2019 at 8:30 a.m.

---

10/16/2019 Motion to Adjudicate ▾

Judicial Officer
Euresti, Benjamin, Jr.

Hearing Time
8:30 AM

Result
Reset

Comment
DEF. IN CUSTODY - UNDER S.O.# 244007

---

10/16/2019 Journal Entry ▾

Comment
Case called for hearing on MTA; Janie Jaimez for State; Abel Delgadillo appeared by court-appointment with defendant (in custody), made oral motion for continuance, needs to find some documentation that will assist his client. Case reset for October 30, 2019 at 8:30 a.m.

---

10/21/2019 Capias Return ▾

Comment
Capias Return - Capias - Revocation/Adjudciation - CCRP 42.12(21)

10/21/2019 Capias Return ▾

Comment
Capias Return - Capias - Revocation/Adjudciation - CCRP 42.12(21)

10/28/2019 Progress Report ▾

Comment
Progress Report

10/30/2019 Motion to Adjudicate ▾

Judicial Officer
Euresti, Benjamin, Jr.

Hearing Time
8:30 AM

Result
MTR/MTA Granted

Comment
DEF. IN CUSTODY - UNDER S.O.# 244007

10/30/2019 Motion ▾

Comment
Motion for Reconsideration(Q)

10/30/2019 E-Filed Order ▾

Comment
Order Setting Hearing(Q)

10/30/2019 Journal Entry ▾

Comment
Case called for hearing on MTA, Rehaman Merchant for State; Abel Delgadillo appeared by court-appointment
with defendant (in custody). No Agreement. Defendant pled True. All allegations found to be True. Defendant
adjudicated guilty of: Theft (Aggregation). Punishment assessed by the court at: Ten (10) Years - TDCJ/ID, credit
for time served on this case. (Court will NOT give credit for time served in Arkansas).

10/30/2019 Judgment ▾

Comment
Judgment Adjudicating Guilt Sentenced to Institutional Division (Vacated on 02/25/2021)

10/31/2019 Attorney Fees Expense Claim Form ▾

Judicial Officer                    Comment
Euresti, Benjamin, Jr.            Attorney Fees Expense Claim Form

**10/31/2019 Order** ▾

Judicial Officer
Euresti, Benjamin, Jr.

Comment
Order Denying - Defendant's Motion for Reconsideration

**11/13/2019 Punishment/Sentencing/Dismissal** ▾

Comment
Ten (10) Years - TDCJ/ID - JUDGMENT ADJUDICATING GUILT SENTENCED TO INSTITUTIONAL DIVISION

**11/15/2019 Post-Sentence Investigation Report** ▾

Comment
Pre-Sentence Investigation Report

**11/20/2019 Bill of Cost**

**11/20/2019 Inmate Trust Fund Order** ▾

Comment
Inmate Trust Fund Order

**12/04/2019 Pen Packet Checklist** ▾

Comment
Pen Packet Document Checklist and Certification of Documents

**01/08/2020 Pen Packet Received** ▾

Comment
Pen Packet Received by Sheriff's Office

**10/02/2020 Application for Writ of Habeas Corpus** ▾

Comment
Application for Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 (Writ I)

**10/02/2020 Correspondence** ▾

Comment
Correspondence - Defendant's Memorandum in Support of Application for Writ of Habeas Corpus

**10/02/2020 Letter Acknowledging Receipt of Writ of Habeas Corpus** ▾

Comment
Letter Acknowledging Receipt of Writ of Habeas Corpus - Defendant's Attorney

**10/02/2020 Letter Acknowledging Receipt of Writ of Habeas Corpus** ▾

Comment

Letter Acknowledging Receipt of Writ of Habeas Corpus - DA

---

10/02/2020 Letter Acknowledging Receipt of Writ of Habeas Corpus ▾

Comment

Letter Acknowledging Receipt of Writ of Habeas Corpus - Judge

---

10/05/2020 Other Documents Not Listed ▾

Comment

DA's Acknowledgement of Receipt for Application of Writ of Habeas Corpus (Q)

---

10/21/2020 Clerks Record ▾

Comment

Clerks Record - Writ 1 (1 volume)

---

10/21/2020 Clerks Journal ▾

Comment

Clerk's Record - Writ I (1 volume) electronically submitted to the Court of Criminal Appeals

---

10/22/2020 Official Notice from Court of Criminal Appeals of Texas ▾

Comment

Application for Writ of Habeas Corpus received 10/21/2020 Cause No WR-91,899-01

---

11/12/2020 Official Notice from Court of Criminal Appeals of Texas ▾

Comment

Letter Cause No WR-91,889-01 Order issued

---

11/12/2020 Official Notice from Court of Criminal Appeals of Texas ▾

Comment

Order issued 11-11-2020 Cause No WR-91,899-01

---

11/13/2020 Exhibits ▾

Comment

Exhibit A, B, C, D, E, F, G, H, I, J and K ;Addendum to the Memorandum of Law (Q)

---

11/13/2020 Correspondence ▾

Comment

Cover Letter for Requested Addendum to the Memorandum of Law (Q)

---

11/16/2020 Clerks Record ▾

Comment
1st Supplemental Clerks Record Writ 1 (1 volume)

11/16/2020 Clerks Journal ▼

Comment
1st Supplemental Clerk's Record Writ 1 (1 volume) electronically sent 11-16-2020

11/17/2020 Notice of Appearance ▼

Comment
Notice of Appearance Letter

11/18/2020 Official Notice from Court of Criminal Appeals of Texas ▼

Comment
Correspondence - Cause No WR-91,899-01 Supplemental Clerk's record received 11-16-2020

01/13/2021 E-Filed Order ▼

Comment
Trial Court's Findings of Fact Conclusions of Law And Order (Q)

01/15/2021 Clerks Record ▼

Comment
2nd Supplemental Clerks Record (1 volume)

01/15/2021 Clerks Journal ▼

Comment
2nd Supplemental Clerk's Record (1 volume) submitted electronically to the Court of Criminal Appeals

01/19/2021 Official Notice from Court of Criminal Appeals of Texas ▼

Comment
Corresponcence - 2nd Supplemental Clerk' Record received 01-15-2021 in the Court of Criminal Appeals Cause No WR-91,899-01

02/04/2021 Journal Entry ▼

Comment
Mandate received by court, thru e-mail. Opinion was handed down by the CCA vacating and remanding his offense back to the trial court. Therefore, Bench Warrant ordered issued - TDCJ # 02303131, defendant currently at : C. Moore Unit, 700 North FM 87; Bonham, TX 75418, (903) 583-4464. Hearing set for: Wednesday - February 17, 2021 at 9:00 a.m. via-zoom.

02/04/2021 Bench Warrant ▼

Comment
Bench Warrant ordered for John Jeffery Malone, TDCJ # 02303131, defendant currently at : C. Moore Unit, 700 North FM 87; Bonham, TX 75418, (903) 583-4464.

02/04/2021 Official Notice from Court of Criminal Appeals of Texas ▾

Comment
Correspondence - Cause No WR,91-899-01 Opinion issued 02-03-2021

02/04/2021 Official Notice from Court of Criminal Appeals of Texas ▾

Comment
Mandate Cause No WR-91,899-01 issued 02-03-2021 - Habeas Corpus Relief Granted

02/04/2021 Official Notice from Court of Criminal Appeals of Texas ▾

Comment
Opinion issued 02-03-2021 Cause No WR-91,899-01 - Judgment adjuidcating guilt in Cause No 10-CR-01562-A is Vacated and cause is Remanded to the trial court with instructions to dismiss the case

02/04/2021 Mandate from Court of Appeals ▾

Comment
Mandate from Court Criminal of Appeals - Habeas Corpus Relief GRANTED 02-03-2021 Cause No. WR-91,899-01

02/04/2021 Clerks Journal ▾

Comment
Mandate Receipt sent to Court of Criminal Appeals 02-04-2021

02/04/2021 Bench Warrant ▾

Judicial Officer
Euresti, Benjamin, Jr.

Comment
Bench Warrant Issued

02/04/2021 Clerks Journal ▾

Comment
Bench warrant was reissued because the Sheriff had not been updated on the document.

02/04/2021 Bench Warrant ▾

Unserved

Anticipated Server
Sheriff's Office

Anticipated Method
In Person

02/05/2021 Bench Warrant ▾

Served
02/08/2021

Anticipated Server
Sheriff's Office

Anticipated Method
In Person

Actual Server
Sheriff's Office

Returned
03/02/2021

---

02/24/2021 Motion to Vacate ▾

Judicial Officer
Euresti, Benjamin, Jr.

Hearing Time
8:30 AM

Result
Held

Comment
Mandate received by court, thru e-mail. Opinion was handed down by the CCA vacating and remanding his offense back to the trial court. Therefore, Bench Warrant ordered issued - TDCJ # 02303131,

---

02/24/2021 Journal Entry ▾

Comment
Case called for hearing after Mandate received from the CCA. Sam Katz for State; Tony Peterson appeared with defendant (in custody), all via-zoom. Court orders case dismissed per Mandate received. State to prepare and submit order ASAP.

---

02/24/2021 Motion ▾

Comment
State's Motion to Dismiss Pursuant to Mandate of the Court of Criminal Appeals

---

02/25/2021 Order of Dismissal ▾

Judicial Officer
Euresti, Benjamin, Jr.

Comment
Order of Dismissal Pursuant to Opinion and Mandate from the Court of Criminal Appeals

---

03/03/2021 Clerks Record ▾

Comment
3rd Supplemental Clerks Record

---

03/03/2021 Clerks Journal ▾

Comment

3rd Supplemental Clerk's Record electronically filed with the Court of Criminal Appeals

03/17/2021 Complete File Scanned ▾

Comment

Complete File Scanned

## Financial

MALONE, JOHN JEFFERY

|  | Total Financial Assessment | | | $545.00 |
|  | Total Payments and Credits | | | $432.39 |

| Date | Transaction | Receipt | Name | Amount |
|---|---|---|---|---|
| 8/17/2010 | Transaction Assessment | | | $295.00 |
| 3/28/2011 | Payment | Receipt # 11101608 | MALONE, JOHN JEFFERY | ($295.00) |
| 3/26/2012 | Transaction Assessment | | | $50.00 |
| 4/21/2016 | Transaction Assessment | | | $50.00 |
| 10/17/2016 | Waiver | | | ($100.00) |
| 8/23/2019 | Transaction Assessment | | | $50.00 |
| 7/24/2020 | Payment | Receipt # 2020-14666 | MALONE, JOHN JEFFERY | ($6.89) |
| 9/17/2020 | Payment | Receipt # 2020-18174 | MALONE, JOHN JEFFERY | ($5.00) |
| 10/15/2020 | Payment | Receipt # 2020-19861 | MALONE, JOHN JEFFERY | ($7.50) |
| 12/9/2020 | Payment | Receipt # 2020-22699 | MALONE, JOHN JEFFERY | ($10.00) |
| 1/12/2021 | Payment | Receipt # 2021-00527 | MALONE, JOHN JEFFERY | ($5.00) |
| 2/4/2021 | Transaction Assessment | | | $50.00 |
| 2/5/2021 | Transaction Assessment | | | $50.00 |
| 3/10/2021 | Payment | Receipt # 2021-04159 | MALONE, JOHN JEFFERY | ($3.00) |

## Documents

Appointment of Attorney